[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER)
The defendant has filed a Motion to Compel seeking to require the plaintiff to answer questions at deposition regarding any past treatment she may have received for alcohol or drug abuse, psychiatric, psychological or mental health counseling, and prescriptions for antidepressant medications. In addition, the defendant is seeking a response from the plaintiff regarding the nature of four prior surgical procedures the plaintiff has had in the past.
The inquiries were made of the plaintiff by defense counsel at a deposition held on July 20, 1999. At the time these questions were asked, the plaintiff was instructed by her counsel not to answer them. Plaintiff's counsel cited relevancy and privileges regarding non-disclosure of treatment for alcohol or drug abuse as grounds for instructing his client not to answer the questions of defendant's counsel.
In addition to filing Objection to the Motion to Compel, the plaintiff to answer these questions at deposition, the plaintiff has also made a Motion for Protective Order from the court, to prevent the defendant from inquiring further into the stated subject areas in the event of a further deposition of the plaintiff by the defendant.
At the time the deposition was conducted on July 20, 1999, CT Page 13068 plaintiff had not filed for any protective orders from the court. Plaintiff's counsel instructed his client not to answer the questions. Plaintiff's counsel was not within his right to demand that his client not answer the questions of defense counsel without having previously received a protective order from the court precluding inquiry into the areas covered by these questions. Pavlinko v. Yale New Haven Hospital, 192 Conn. 138,141 (1984). Connecticut Practice Book §§ 13-30 sets forth the procedures to be followed at a deposition. Instructing one's client not to answer questions disregards ConnecticutPractice Book §§ 13-30(a)(b)(c), unless counsel avails himself of protective orders, as set forth in Connecticut Practice Book § 13-5. Plaintiff, instead of seeking relief and guidance from the court as to what was perceived as questions meant to annoy, embarrass or oppress the plaintiff, instead, continued to object to said questions, and to instruct his client not to answer the questions.
Plaintiff's counsel, in now moving for protective orders from the court, cites Connecticut General Statutes § 19a-126h,42 U.S.C.A. § 290dd-2, 42 U.S.C.A. § 290dd-3 and 42 U.S.C.A. § 290ee-3 relating to confidentiality of treatment records for alcohol and/or drug abuse. Additionally, he cites ConnecticutGeneral Statutes § 52-146o.
Connecticut General Statutes § 19a-126h was transferred in 1997 to C.G.S. § 17a-688. The statute discusses records kept by the court, medical treatment facilities and hospitals and their obligations of non-disclosure and confidentiality of patients' records involving alcohol and/or drug treatment. It is not applicable to this matter.
Connecticut General Statutes 52-146o states that surgeons, physicians and health care providers are prohibited from a disclosure of patient communications or information, except as provided by subsections (a) or (b) of said statute. ConnecticutGeneral Statutes § 52-146o is also not applicable in this matter.
42 United States Code Annotated § 290dd-2 sets forth the guidelines for releasing records of any patient which are "maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research." 42 U.S.C.A. § 20-dd-2(b)(2)(C) states as follows:

CT Page 13069 "If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause, the court shall weigh the public interest, and the need for disclosure, against the injury to the patient to the physician — patient relationship and to the treatment services. Upon granting such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure."
Identical language regarding the confidentiality of patient records is also incorporated in 42 U.S.C.A. 290ee-3, whileU.S.C.A. 290dd-2 deals with prohibiting discrimination against the admission of alcohol and/or drug abusers to private or public hospitals and outpatient facilities receiving any federal financial support. 42 U.S.C.A. 290dd-2 is not applicable in this matter.
The plaintiff has claimed an inability to perform her normal activities due to a variety of ailments and has testified that she takes prescription medications on a regular basis. She admits to having been injured in another automobile accident prior to this incident. Disclosure of the plaintiff's medical records, to date, reveal a reference to "Paxil," an antidepressant medication. The plaintiff's medical condition, her ability to perceive pain, and her medical history are all issues in this complaint filed by the plaintiff.
The court finds that it is not unreasonable to allow some inquiry by the defendant, as to whether or not the plaintiff has received treatment in the past for alcohol and/or drug abuse, or has received psychiatric and/or psychological counseling. The plaintiff has initiated this action against the defendant for monetary damages, and the plaintiff has put her medical condition past and present in issue. The harm to the defendant in barring inquiry into these issues outweighs the harm to the plaintiff and/or her relationship with her medical providers.
However, the court feels that some safeguards are necessary for purposes of relevancy, patient confidentiality, and to prevent "a fishing expedition" by the defendant. Therefore, the court will limit the inquiries to the calendar years of 1990 to the present, as this appears to be a time period which would be relevant to CT Page 13070 any prior auto accident, and this matter, which occurred in 1994. These orders are also limited to responses in deposition testimony by the plaintiff, and are not applicable at this time to any subsequent requests by the defendant for production of written records. Should the production of written records for defendant's treatment for any substance abuse or any psychological/psychiatric treatment become an issue, these requests should be referred back to the court for further legal analysis and review, including possible in camera proceedings.
Accordingly, the Motion to Compel with the limiting instructions, set forth herein, is granted and the defendant'sObjection is overruled. The defendant's Motion for ProtectiveOrders is granted only as to limiting the defendant's questions to the calendar years of 1990 to the present.
The Court
By Arnold, J.